Edward M. O’Gorman, J.
This is an article 78 proceeding to compel the respondents to permit petitioners and others to register to vote in the annual election of the City School District of the City of Mount Vernon to he held May 2, 1972, at which election two members of the Board of Education of said district will be elected. Each of the petitioners claims to be qualified to vote in said district in said election.
The board refused to register either of the petitioners upon the ground that they did not exhibit satisfactory proof of their respective ages. Both petitioners allege that in this connection, they were required by the Registration Board to obtain and submit evidence to establish their age. It is petitioners’ claim that they had neither the time nor the resources available to comply with this request prior to the time the period in which they would register would expire. Petitioners contend that the Board of Registration acted in excess of its authority when it required a form of proof of age which was not required by either the Education Law or the Election Law.
Subdivision 3 of section 2606 of the Education Law provides that as far as is practicable and consistent with the provisions of the Education Law, all the provisions of the Election Law pertaining to registration shall apply to the registration of voters under the Education Law.
Subdivision 1 of section 171 of the Election Law provides in pertinent part as follows: 1 ‘ Any person who applies personally to any board of inspectors * * * for registration * * * for any election may be challenged by any qualified voter or watcher present and shall be challenged by any inspector or member of such board, if such inspector, or member of such board, shall have reason to suspect that the applicant is not entitled to be registered or his name is on the challenge list and the board shall not know he is a qualified voter.”
Subdivision 2 of section 171 provides that when an applicant is so challenged, the chairman or member of such board shall administer an oath (in form specified in the section) to the *916 applicant, and the applicant shall thereafter fill out and sign a form, described as a “challenge affidavit ”, containing questions touching upon his qualifications as a voter. The applicant must answer each question in writing.
Subdivision 3 of section 171 provides that if an applicant shall by his answers satisfy a majority of the board of his right to be registered, they shall register his name as a voter; if not, they shall point out to him the qualifications which he lacks as a voter and shall not .register his name except by direction of the board of elections (§ 177) or by a Judge of competent jurisdiction. This section further provides that if the applicant refuses to answer the questions under oath, the board shall not register his name.
When the name of a person who has signed a challenge affidavit shall be registered, the board shall enter in the remarks column opposite such name the word “ affidavit ”.
Subdivision 4 of section 171 provides that if at any meeting of the board for registration, any voter shall declare upon oath that he has reason to believe that any person whose name isv on the register will not be qualified to vote at the election for\ which the registration is made, the board shall place the words “ to be challenged on election day ’ ’ opposite the name of such person.
Subdivision 5 of section 2609 of the Education Law provides in pertinent part as follows: “ All persons named upon the applicable register as having been challenged prior to the day of the election shall also be challenged before they are given ballots to vote. The chairman of the board of inspectors shall administer to each person so challenged [an oath in form specified] * * * If the person challenged so swears or affirms, he shall be permitted to vote at such election; but if he shall refuse to swear or affirm, he shall not be given a ballot or permitted to vote.
Subdivision 6 of section 2609 provides criminal punishment for swearing falsely in this connection.
In view of the foregoing, it seems clear that the Board of Registration in this case has departed from the procedures adopted by statute to insure compliance with the provisions of the law governing the qualifications and eligibility of voters. Under the circumstances, the court will direct the board to give each of the petitioners an opportunity to fill out the necessary affidavits so that their names may be either added to the register of eligible voters, or that they may qualify for judicial review *917 pursuant to subdivision 3 of section 171 of the Election Law in the event that they are denied the opportunity for registration.
Petitioners further argue that the relief which they seek should be made available to all 18-year-old applicants who may have been dissuaded from registering in this election by rumors that additional proof of age would be required as a condition precedent to registration. However, the notice of registration published by the board does not indicate that such a requirement was to be imposed. The proof before the court at the present time is inadequate to identify potential registrants who may have been dissuaded because of the receipt of such information with respect to registration, or to identify those potential registrants who appeared personally, as required by the law, and were thereafter refused registration. The relief which is sought on behalf of these groups must therefore be denied at this time. Furthermore, in this connection, it would seem that the present application has been made too late to make it reasonable to require that an additional day of registration be set aside in order to accommodate the classes of registrants petitioner seeks to benefit. Those persons who presented themselves personally to register, and were at that time denied registration, presumably have available to them as individuals the right to judicial review provided by statute.
The Board of Registration is therefore directed to afford petitioners an opportunity to complete challenge affidavits and thereafter to make a determination of petitioners’ eligibility for registration on the basis thereof.